Patent'028 was on sale for more than one year prior to the filing date of the

Application for Patent '028 should be denied.

## G.    SIERRA'S POSITION ON THE ISSUE OF INTENTIONALLY MISLEADING THE EXAMINER RISING TO INEQUITABLE CONDUCT

1.    Sierra (Sierra 6-17-05 Br., pp. 3-7; 7-11-05 Br., pp. 5-8) has

addressed Lesker's claim that Sierra and Manley intentionally misled the Patent

Examiner because Sierra/Manley:

(i)    failed to disclose material prior art to the examiner;

(ii)    fraudulently and deliberately concealed from the Patent

Examiner sales and public disclosures of the invention

that took place more than a year before the filing date

of Patent '028;

(iii)    fraudulently concealed and mischaracterized material

prior art;

(iv)    did not identify other inventors for Patent '028.  [Note:

Sierra did not argue this point in its brief but Sierra's

Motion addresses it. (Sierra Motion, p. 2).  Sierra, however, does argue in its brief that there is no evidence of co-inventorship.  [(Sierra 6-17-05 Br., p. 8 and Sierra 7-11-05 Br., pp. 2-4)].

2.     Although "fraud" is charged by Lesker, Sierra has chosen to treat the allegation against Sierra as an allegation of "Inequitable Conduct" rather than a charge of "fraud". (Sierra 6-17-05 Br., p.3)  The Master, for purposes of Sierra's Motion, will also treat Lesker's charge as one of "Inequitable Conduct" and not "fraud".

3.     Sierra argues (Sierra 6-17-05 Br., pp. 3-7; Sierra 7-11-05 Reply Br., pp. 5-8) that:

(i)     there were no misrepresentations of Kertesz Patent '083;

(ii)    neither attorney Dahl nor Manley became aware of the Arita Patent until after the Manley Patent '028 was issued;

(iii)   in the case of "earlier cathode designs sold by Lesker" no representations were made;

(iv)   Lesker has not supplied evidence that shows that earlier cathode design sold by Sierra was material;

(v)   all pertinent information on Kertesz Patent '083 was available to the examiner;

(vi)   Lesker cannot provide any evidence of intent to misrepresent or omit a material prior art reference;

(vii)   Lesker's 1985 catalogue does not disclose a magnet assembly as a magnetic field;

(viii)   Lesker conceded that Kertesz Patent '083 was commercialized on Lesker Torus cathodes.  Therefore any references to Torus Cathodes are cumulative of the Kertesz Patent which the examiner had.  The Torus reference was cumulative to the Kertesz Patent; and

(ix)   Lesker cannot produce any evidence showing intent to deceive with respect to not disclosing a sale of public use more than one year prior to the filing of Patent '028.

**H.    LESKER'S POSITION ON
THE ISSUE OF SIERRA'S
INEQUITABLE CONDUCT
<u>BEFORE THE PATENT OFFICE</u>**

Lesker (Lesker 7-1-05 Br., pp. 12-19) argues:

(i)    Sierra/Manley did not disclose to the examiner that their own

cathodes were already obtaining unique performance

characteristics as early as 1989;

(ii)    the early cathode sales by Sierra were not disclosed to the

examiner;

(iii)    there was no disclosure of the public documentation prepared

by Sierra;

(iv)    there was no disclosure of the Arita Patent to the Examiner;

(v)    Manley identified the Kertesz Patent '083 as disclosing

"magnetrons having a plurality of vertically oriented magnet

structure positioned in space relative to enhance the shape of

the plasma-confining magnetic field".  Manley and Sierra

highlighted magnet orientation as a distinguishing

characteristic but otherwise denied any such distinction in the

context of the Manley Patent claims scope.  Had

Manley/Sierra been consistent, the Kertesz Patent would not

have been identified as being limited to a particular magnet

orientation.  A closer look shows Kertesz inherently produces

the field structure claimed by the Manley Patent;


(vi)    Manley argued that the magnetic fields were inaccurate;


(vii)   Sierra/Manley distinguish prior art references on the basis that

        they do not use computer modeling; and


(viii)  other non-disclosures and misrepresentations are raised by

        Lesker.


I.      **MASTER'S ANALYSIS
        ON THE ISSUE OF
        <u>INEQUITABLE CONDUCT</u>**


Applicants for patents and their representatives are required to prosecute

applications in the Patent Office with candor, good faith and honesty.  *Molins PLC*

*v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

"A party seeking to have a patent declared unenforceable has a heavy burden to meet.  Inequitable conduct requires misrepresentation or omission of a material fact, together with intent to deceive the Patent Office.  Both of those distinct elements must be shown by clear and convincing evidence.  Once the requisite levels of materiality and intent are shown the district court must determine whether the equities warrant a conclusion that the patentee has engaged in inequitable conduct." *Hoffmann-LaRoche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003).

It is noted that a jury trial has been requested.  The Master notes that there is no right to a jury trial on inequitable conduct. A disputed finding of intent to mislead or deceive is one for a judge to resolve and not the jury, although not on summary judgment if there is a genuine dispute.  *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993).

Direct evidence of intent is rarely available in instances of inequitable conduct but intent may be inferred from the surrounding circumstances. *Critikon, Inc. v. Beckton Dickison Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997).

After reviewing Lesker's statements, facts and arguments the Master does not find any circumstances that show any intent to deceive the Patent Examiner. The circumstances do not create any inference of intent to mislead or deceive that can be drawn by the Master.

Sierra is the movant and Lesker is the non-movant.  Even though Lesker is the non-movant Lesker has the burden to prove intent by clear and convincing evidence. *Paragon Podiatry Laboratory, Inc.*, 984 F.2d at 1189.

In reviewing the evidence the Master viewed all evidence presented by Lesker in a light most favorable to Lesker.  The Master believes that having the evidence presented to a reasonable jury that jury could not return a verdict for the non-movant, Lesker, to find intent by Sierra/Manley to mislead or deceive the Patent Examiner.

The Master recommends to the court that Sierra's Motion for Summary Judgment in its favor be granted finding that Lesker has failed to prove that Sierra/Manley intentionally:

(i)     misled the Patent Examiner;

(ii)     failed to disclose material prior art to the Patent Examiner;

(iii)    mischaracterized material prior art to the Patent Examiner;

(iv)    failed to disclose a sale of the invention of Patent '028 more than one
year prior to the filing date of Patent '028; and

(v)     concealed identity of other inventors of Patent '028.

# - VII -
# CONCLUSION

The Master's separate rulings given above are recommendations to the Court. The

reasons for these recommendations have been given in this report.

Respectfully submitted,

s/Paul A. Beck  (Electronic Signature 8/10/05)

Paul A. Beck
**Special Master**
Paul A. Beck & Associates, P.C.
1575 McFarland Road, Suite 100
Pittsburgh, PA  15216-1808
Phone:  (412) 343-9700
Fax: (412) 343-5787

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIERRA APPLIED SCIENCES, INC.,　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Civil Action No. 01-628
　　　　　　　Plaintiff,　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　)　　Honorable Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　)　　Chief Judge
KURT J. LESKER COMPANY, et al.　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Submission by Special Master
　　　　　　　Defendants.　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

## CERTIFICATE OF SERVICE

I, Lisa Engel, Legal Assistant, hereby certify that true and correct copies of the foregoing

Report and Recommendation of Special Master Paul A. Beck has been served this 10TH day of

August, 2005, by U.P.S. Next Day Air Delivery and e-mail, to counsel of record listed below:

**Counsel for Plaintiff, Sierra Applied Sciences, Inc.:**
Barry I. Friedman, Esq.  (E-MAIL: bfriedman@metzlewis.com)
Metz Lewis L.L.C.  *(UPS Tracking No. 1Z 0Y3 F86 22 1000 061 1)*
11 Stanwix Street, 18TH Floor
Pittsburgh, PA  15222

And

Susan E. Chetlin, Esq.  (E-MAIL: schetline@dahlosterloth.com)
Dahl & Osterloth, L.L.P.  *(UPS Tracking No. 1Z 0Y3 F86 22 1000 062 0)*
555 17th Street, Suite 3405
Denver, CO  80202

**Counsel for Defendants, Kurt J. Lesker Co., et. al.:**
David G. Oberdick, Esq.  (E-MAIL: dgo@muslaw.com)
Meyer, Unkovic & Scott, L.L.P.  *(UPS Tracking No. 1Z 0Y3 F86 22 1000 063 9)*
1300 Oliver Building
Pittsburgh, PA  15219

By: s/Lisa Engel (Electronic Signature 8/10/05)
_____  8/10/05
Lisa Engel, Legal Assistant